IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



MISTY CAROLE TAYLOR, §
 §
 Movant, §
 §
VS. § NO. 4:17-CV-885-A
 § (NO. 4:15-CR-239-A)
UNITED STATES OF AMERICA, §
 §
 Respondent. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Misty Carole Taylor ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, its supporting memorandum, the government's response,[1] and pertinent parts of the record in Case No. 4:15-CR-239-A, styled "United States of America v. Lorenzo Demetric Williams, et al.," the court has concluded that the motion should be dismissed for want of jurisdiction.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

---

[1] The government's response is styled as a motion to dismiss and has been pending for more than 21 days. See Local Civil Rule LR 7.1(e) (a response to a motion is due within twenty-one days' of its filing). Movant has not filed a reply.

On November 12, 2015, movant was named along with others in a one-count first superseding indictment charging her with conspiracy to make, possess, and utter forged and counterfeit securities, in violation of 18 U.S.C. § 371. CR Doc.[2] 45. On December 10, 2015, movant pleaded guilty. CR Doc. 89. On March 25, 2016, movant was sentenced to a term of imprisonment of 30 months, to run consecutively to her undischarged state sentence on an unrelated offense. CR Doc. 167. Movant did not appeal.

II.

Ground of the Motion

Movant urges one ground in support of her motion. She says that she received ineffective assistance of counsel, saying:

> My lawyer persuaded me that I made the correct decision and I was also given incorrect information pertaining to my sentencing. 1) was told I did not play minor role and I could not get it. 2) was told I could not get my state time run concurrent with federal time.

Doc.[3] 1.

III.

Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands

---

[2] The "CR Doc.___" reference is to the number of the item on the docket in the underlying criminal action, No. 4:15-CR-239-A.

[3] The "Doc.___" reference is to the number of the item on the docket in this civil action.

2

fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

IV.

## Analysis

Movant did not appeal the judgment. Accordingly, it became final on April 8, 2016. United States v. Plascencia, 537 F.3d 385, 388 (5th Cir. 2008)(for purposes of § 2255, judgment of conviction becomes final when period to file appeal expires); Fed. R. App. P. 4(b)(1)(A) (notice of appeal must be filed within fourteen days from entry of judgment).

A one-year limitation period applies to the filing of a motion to vacate, set aside, or correct sentence. The limitation period runs from the latest of

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Movant does not address the timeliness of her motion. Clearly, § 2255(f)(1) is the only applicable provision. She did not file the motion under consideration until November 2017, well

4

after the time for doing so had expired. Thus, the motion must be dismissed as time-barred. United States v. Riggs, 314 F.3d 796, 800 (5th Cir. 2002).

As the government notes, even had the motion been timely filed, movant has not shown that she is entitled to any relief. Her allegations are wholly conclusory and unsupported. Green v. Johnson, 160 F.3d 1029, 1041 (5th Cir. 1998).

V.

Order

The court ORDERS that all relief sought by movant in her motion under 28 U.S.C. § 2255 be, and is hereby, dismissed for want of jurisdiction.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED December 29, 2017.

_____
JOHN McBRYDE
United States District Judge

5